# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TIMOTHY W. RAYBURN,** <br><br> **Plaintiff,** <br><br> v. <br><br> **CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,** <br><br> **Defendant.** | **REPORT & RECOMMENDATION** <br><br> Case No. 2:13-cv-00507 <br><br> **United States District Court Judge David Nuffer** <br><br> **Magistrate Judge Dustin Pead** |

In July 2010, Plaintiff Timothy Rayburn (Plaintiff) filed his applications for Disability Insurance Benefits and Social Security Income under Titles II and XVI of the Social Security Act, alleging a disability date of March 2010 (Tr.15, 123-125). Thereafter, a hearing was held and Administrative Law Judge Kathleen Switzer (ALJ) issued a decision concluding that Plaintiff was not disabled. Plaintiff's request for a review of the decision was denied by the Appeals Council thereby making the ALJ's ruling the final administrative decision for purposes of this Court's review on appeal.

Currently, pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the ALJ's decision denying his claim for disability benefits and supplemental security income. After careful review of the entire record, the parties' briefs, and arguments presented at a telephonic hearing held on March 25, 2014, the undersigned concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error and hereby recommends to the District Court that the decision be AFFIRMED.

## STANDARD OF REVIEW

This Court reviews the ALJ's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Id.* (citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## ANALYSIS

### I. The ALJ Adequately Developed the Record.

A claimant bears the burden of proving that he is disabled, *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009), and must provide medical evidence to establish disabling impairments. *See* 20 C.F.R. § 404.1512(a)-(c). At the same time, the agency has a duty to ensure that the record is adequately developed. 20 C.F.R. § 404.1512(d). The ALJ is not, however, required to further develop the record where there is sufficient evidence to make a disability determination. *See Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008).

Here, Plaintiff argues that the ALJ should have further developed the record regarding his allegations of headaches and ordered a consultative examination (Opening Brief at 6-7). The Court, however, disagrees. The Court had sufficient evidence to make a disability determination and there is no evidence that Plaintiff complained to medical providers about headaches or sought treatment for them. In fact, Dr. Taylor specifically noted that Plaintiff did *not* complain of headaches (Tr. 250). Additionally, two state agency physicians considered Plaintiff's physical

complaints, including his alleged headaches, and concluded that they did not constitute a severe impairment (Tr. 264, 267). *See Hawkins v. Chater*, 113 F.3d 1162, 1165 (10th Cir. 1997) (noting that there must be "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation. Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment." (internal citation omitted)).

Accordingly, the Court concludes that the ALJ adequately developed the record and did not err in failing to order a consultative examination of Plaintiff.

## II. The ALJ Reasonably Discounted Plaintiff's Subjective Complaints.

Plaintiff also challenges the ALJ's finding that he was not fully credible (Opening Brief at 8-9). "Credibility determinations are peculiarly the province of the finder of fact, and [a court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal citation and quotation marks omitted). Here, because the ALJ gave good reasons for finding Plaintiff's allegations of disabling symptoms not credible, under the deferential substantial evidence standard of review, this Court cannot disturb the ALJ's decision. *See Social Security Ruling* (SSR) 96-7p, 1996 WL 374186, at *2 (noting that the ALJ's decision "must contain specific reasons for the finding on credibility"); *see also White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001).

The ALJ found Plaintiff's allegations less credible because he did not obtain a prescription for prismatic lenses despite the fact that Dr. Taylor recommended that Plaintiff get prism glasses if his double vision became "consistent" (Tr. 251) which Plaintiff alleged it had by the time of the administrative hearing (Tr. 37). *See Qualls v. Apfel*, 206 F.3d 1368, 1372-73

(10th Cir. 2000) (ALJ reasonably considered a claimant failure to follow treatment advice in finding him not fully credible). Additionally, Dr. Hamblin also recommended prism glasses for Plaintiff (Tr. 278).

The ALJ also found that Plaintiff's statements were inconsistent with the medical record (Tr. 21). In particular, Plaintiff testified that Dr. Taylor instructed him not to drive (Tr. 39). Dr. Taylor's examination report does not support Plaintiff's allegation. Instead, Dr. Taylor instructed Plaintiff to use "caution" while driving and around moving machinery (Tr. 258). *Cf. Wall*, 561 F.3d at 1068-69 (ALJ reasonably observed that the record did not contain any opinions from treating or examining physicians indicating that the claimant was totally disabled).

Finally, the ALJ noted that Plaintiff made inconsistent statements about his activities (Tr. 21). In particular, the ALJ noted that while Plaintiff testified he did not help with chores, he had previously reported that he mopped floors, dusted, and shopped for food twice a month (Tr. 21, *see* Tr. 39, Tr. 215-16). *See* 20 C.F.R. § 404.1529(c)(3)(vii) (stating an ALJ may consider "other factors"); *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (in assessing credibility, an ALJ may consider "subjective measures of credibility that are peculiarly within the judgment of the ALJ").

For these reasons, the Court finds that the ALJ properly evaluated Plaintiff's credibility and reasonably discounted Plaintiff's subjective complaints.

**III.     The ALJ Adequately Explained Her Residual Functional Capacity Finding.**

Plaintiff finally challenges the ALJ's residual functional capacity finding (Opening Brief at 9-10). Between steps three and four of the sequential evaluation process, an ALJ assesses a claimant's residual functional capacity, which is "the most [he] can do despite [his] limitations." 20 C.F.R. § 404.1545(a); *see* 20 C.F.R. § 404.1520(a)(4) (noting that the ALJ assesses a

claimant's residual functional between steps three and four). A claimant's residual functional capacity is based on all the evidence in the record, including the medical opinions of record. 20 C.F.R. §§ 404.1527, 404.1545(a)(1). Here, after reviewing the entire record, the ALJ found that Plaintiff should avoid moving machinery and professional driving (Tr. 18). This is consistent with the functional limitations identified by Dr. Taylor who stated that Plaintiff needed to use caution driving and around moving machinery (Tr. 258), and is more restrictive than the state agency physicians' opinions, both of whom opined that Plaintiff's impairments were not severe enough to impose any significant work-related limitations (Tr. 264, 267).

While the ALJ did not discuss Plaintiff's headaches in assessing his residual functional capacity, Plaintiff's residual functional capacity is properly supported by the objective evidence and medical findings that are established in the record. *Cf. Alvey v. Colvin*, 536 F. App'x 792, 795 (10th Cir. 2013) (unpublished) (finding the ALJ's failure to discuss a non-severe mental limitation when assessing the residual functional capacity harmless where "[t]here is no substantial evidence that would allow a reasonable administrative factfinder to include any mental limitations" in the residual functional capacity).

Finally, Plaintiff's challenge to the ALJ's residual functional capacity assessment essentially amounts to a challenge to the ALJ's credibility assessment. However, as discussed, the Court finds that the ALJ's credibility assessment was properly supported by substantial evidence.

**RECOMMENDATION**

Accordingly, because the ALJ's decision is supported by substantial evidence and is free of harmful legal error, the Court hereby RECOMMENDS to the District Court that the decision

be AFFIRMED.

Copies of the foregoing Report and Recommendation will be mailed to all parties who are hereby notified of their right to object. Any objection must be filed within fourteen (14) days after being served with a copy.[1] Failure to object may constitute wavier of objections upon subsequent review.

DATED this 14th day of April, 2014.

DUSTIN B. PEAD
United States Magistrate Judge

---

[1] *See* Fed. R. Civ. P. 72(b)(2).